IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MELISSA OWENS, ) | |
| ) | |
| Plaintiff, ) | Case No: 2:16-cv-10840-VAR-RSW |
| v. ) | |
| ) | |
| EQUITYEXPERTS.ORG, LLC, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT AS TO LIABILITY**

## Introduction

EquityExperts ignores two key pieces of evidence demonstrating that Melissa Owens did not owe the alleged debt it sought to collect from her: First, Ms. Owens's association—Stonegate Pointe—confirmed in writing that, as of September 2015, she not only owed nothing on her account, but had a *credit* of $50. ECF No. 18-6 at 9. Second, EquityExperts's own records show that, as of August 11, 2015—prior to the August 27, 2015 and September 28, 2015 written demands for payment at issue in this case—Ms. Owens owed nothing to her association (or to EquityExperts). *See* ECF No. 18-7 at 4. Indeed, EquityExperts contests neither of these undisputed facts. *See generally* ECF No. 23. EquityExperts also concedes that Stonegate Pointe has paid nothing to it for collection costs associated with Ms. Owens. Accordingly, because both the association's records and EquityExperts's records confirm that Ms. Owens owed nothing at the time EquityExperts sought to collect thousands of dollars from her and threatened to commence foreclosure proceedings, EquityExperts violated the Fair Debt Collection Practices Act ("FDCPA").

Separately, and more fundamentally, EquityExperts was never entitled to thousands of dollars in collection costs because, and as confirmed by the agreement between EquityExperts and Ms. Owens's association, *see* ECF No. 23-11 at 2, ¶ 4, the association incurred no costs related to Ms. Owens, and paid nothing to EquityExperts. To the contrary, EquityExperts claims to have racked up nearly $3,000 in collection costs in less than four months—ostensibly as a result of a $200 obligation—that the association was never charged, never paid, and could never be obligated to pay. *Id*. Thus, while Ms. Owens was, in connection with a set of facts not at issue here, potentially responsible for the collection costs

1

borne by her association, because her association neither paid nor incurred such collection costs, EquityExperts was not entitled to collect them. Further, EquityExperts charged costs not authorized by the agreement between it and Ms. Owens's association. Accordingly, EquityExperts violated Section 1692f(1) of the FDCPA.

## Reply Argument

### A. EquityExperts does not dispute that Ms. Owens satisfies the predicate elements of her FDCPA claims.

Ms. Owens established in her opening brief that (1) she is a "consumer" as defined by the FDCPA; (2) the "debt" at issue arises out of transactions that are "primarily for personal, family or household purposes;" and (3) EquityExperts is a "debt collector" as defined by the statute. ECF No. 18 at 3, 16-17. EquityExperts does not contest any of these elements.

### B. EquityExperts does not dispute that both Stonegate Pointe's records, and its own records, show that Ms. Owens did not have a balance due at the time EquityExperts demanded payment from her through its August 27, 2015 and September 28, 2015 written debt collection letters.

The FDCPA precludes a debt collector from making a false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A) (Count I). *See, e.g.*, *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556-57 (6th Cir. 2012) (collecting cases). It is therefore axiomatic (and undisputed by EquityExperts) "that an attempt to collect a debt from a non-debtor constitutes a 'false representation' as to the character or status of the debt in violation of 1692e." *Stuart v. AR Res., Inc.*, No. CIV.A. 10-3520, 2011 WL 904167, at *4 (E.D. Pa. Mar. 16, 2011).

As she establishes in her motion, Ms. Owens's association confirmed in writing that, as of September 2015, Ms. Owens owed nothing on her account (and, in fact, had a positive

2

credit on her account). ECF No. 18-6 at 9. EquityExperts's own records from the month prior confirm the same. ECF No. 18-7 at 4 (changing balance from "principal: 3308.00 to: 0.00 and, with respect to collection costs, noting "Amount changed from: 2910.00 to: 0.00").

Importantly, EquityExperts disputes neither fact. Rather, EquityExperts's only mention of Ms. Owens having no balance owed is to state:

> Regardless of whether the ledger kept by the Association reflected a credit at any given time, such ledger did not include collection charges stemming from EquityExperts' 2013 collection efforts.

ECF No. 23 at 6.[1]

But that the creditor—Ms. Owens's association—confirmed that Ms. Owens owed no collection charges is fatal to EquityExperts's defense. That is, because the creditor stated that Ms. Owens owed it nothing—and because EquityExperts's internal records reflect a zero balance—EquityExperts's attempts to collect monies from Ms. Owens that she did not owe violate the FDCPA. *See McDermott v. Marcus, Errico, Emmer & Brooke, P.C.*, 911 F. Supp. 2d 1, 59 (D. Mass. 2011) ("Stating an incorrect amount of the debt undeniably violates section 1692e(2)(A).") (citing *Hepsen v. Resurgent Capital Servs., LP*, 383 F.App'x 877, 880–81 (11th Cir. 2010)).

In the same way, EquityExperts violated 15 U.S.C. § 1692e(5) (Count II) by "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). EquityExperts did so by threatening "foreclosure" and "other

---

[1] Importantly, EquityExperts makes no attempt to explain why its own records showed a $0 balance for Ms. Owens immediately prior to sending demands for payment to her.

3

legal proceedings" through its August 27, 2015 debt collection letter to Ms. Owens, even though Ms. Owens did not owe any debt and, as a result, EquityExperts could not take any legal action against her. Similarly, by threatening to "proceed with a foreclosure," EquityExperts violated Section 1692f(6) of the FDCPA.

### C. The FDCPA precludes EquityExperts from charging collection costs to Ms. Owens that were not—and never could be—paid or incurred by the creditor.

EquityExperts focuses its opposition on the fact that the governing documents for Ms. Owens's association allow the association to recover its costs of debt collection. *See, generally*, ECF No. 23. And this makes good sense, because if the association incurs costs resulting from obtaining payments from delinquent homeowners, those additional costs would be borne by the remaining homeowners who timely pay their dues and assessments. On this, there is no dispute.

So while the premise of EquityExperts's argument is correct, its application is not. To be clear, the association can recover its reasonable debt collection costs. But where, like here, the association incurs no collection costs (and has no risk of ever incurring such costs), a third party may not seek payment for its (and not the association's) collection efforts directly from the alleged debtor. *See* ECF No. 18 at 20-21 (collecting cases).

EquityExperts attempts to sidestep this important distinction—and persuasive case law—by arguing that the association documents do not limit the association to costs it actually incurs. *See* ECF No. 23 at 14. This distinction, however, is not found in the documents EquityExperts cites. Indeed, the documents never mention any third-party debt collectors, or that a homeowner is responsible for debt collection costs incurred by a third

party, but not by the association. *See* ECF Nos. 23-4, 23-5. To the contrary, the documents provide that homeowners are to pay any assessments (and other charges) "to the Association." ECF No. 23-4 at 8 (Section 5.01); ECF No. 23-5 at 2 (Section 5.01). Because the association documents do not authorize charges incurred by third parties for which the association is not responsible, and because the association documents specifically require payments to be made "to the Association," EquityExperts's argument fails.

For this same reason, EquityExperts's reliance on *Wilson v. Trott Law, PC*, 118 F. Supp. 3d 953, 959 (E.D. Mich. 2015), is misplaced. In *Wilson*, the court found that a defendant does not violate the FDCPA when charging collection costs incurred by the creditor, where the underlying contract allows for such reimbursement. *Id*. at 960. In sharp contrast here, EquityExperts is not seeking costs from Ms. Owens that were incurred by the creditor, as the creditor here has not incurred or paid any collection costs at all. Accordingly, EquityExperts's demands for payment from Ms. Owens violate 15 U.S.C. § 1692f.

EquityExperts's misleading deposition testimony underscores this point. Knowing that it may only permissibly collect costs actually incurred by the creditor, EquityExperts testified in this case that "[a]ll of our fees are charged to the association," "[a]ll of our charges are incurred by the association," and that if EquityExperts is unable to collect its collection fees from a consumer directly, its "policy" is that the association would "owe[] the amount." ECF No. 23-10 at 34:1-6, 36:10-14. This, of course, is directly contradicted by EquityExperts's previous testimony in a related case. *See* ECF No. 18-2 at 50-51, 87:4-88:3 (noting that EquityExperts charges the association nothing, and the association is not responsible for any of EquityExperts's fees); ECF No. 18 at 5-7 (outlining testimony).

Conflicting testimony aside, EquityExperts's agreement with Ms. Owens's association—submitted as part of its opposition—leaves no doubt that EquityExperts charges the association nothing for its services. *See* ECF No. 23-11 at 2, ¶ 4 ("COLLECTION AGENT shall not charge ASSOCIATION PRINCIPAL for any costs of collection services performed according to the collection procedure and schedule set forth in Schedule A"). Because Ms. Owens established that her association not only incurred no collection costs,[2] but also could not incur collection costs, and because the association documents do not authorize payments to third parties (but, rather, "to the Association"), this Court should grant summary judgment in Ms. Owens's favor.

### D. Even if EquityExperts legally could charge some collection costs to Ms. Owens—it cannot—it charged her amounts inconsistent with its agreement with Ms. Owens's association.

Even accepting for the sake of argument EquityExperts's position that it can collect the amounts set forth in Schedule A of its agreement with Ms. Owens's association from Ms. Owens, EquityExperts sought to collect additional fees not authorized by that agreement. Specifically, EquityExperts charged Ms. Owens a $175.00 "Standard Account Set Up" fee and $750.00 for the "Constant Contact Service Package." ECF No. 18-5 at 2. The agreement between EquityExperts and Stonegate Pointe—which EquityExperts submitted as authority for its charges to Ms. Owens—only allows EquityExperts to charge the fees specified in its Schedule A, which contains no mention of either fee. *See* ECF No. 23-11 at 2, ¶ 3; *id*. at 5.

---

[2] It is undisputed that Ms. Owens's association paid no monies to EquityExperts for collection costs related to Ms. Owens. *See* ECF No. 18 at 9 (Q. Has Stonegate Pointe Association paid EquityExperts to collect money from Miss Owens? A. I don't have any personal knowledge, and from the documents I'm showing, the statements that I show I don't show any payments.).

Accordingly, EquityExperts violated the FDCPA by charging collection fees not authorized by contract. *See McDermott*, 911 F. Supp. 2d at 63 ("A debt collector that inflates the amount of the debt, whether through unauthorized service fees or otherwise, violates section 1692e(2)(A).") (internal quotation omitted).

## Conclusion

EquityExperts's practice of charging exorbitant collection fees to Michigan consumers that it is not entitled to collect, and securing payment through liens and threats of foreclosure, violates the FDCPA. In Ms. Owens's case, EquityExperts sought to collect $2,910 in collection fees stemming from a $200 obligation,[3] even though its own records—and the creditor's records—showed that Ms. Owens had no balance, and even though the association itself incurred no such collection costs. Because EquityExperts's predatory collection practices run afoul of the FDCPA, this Court should grant summary judgment in Ms. Owens's favor.

Dated: June 26, 2017

| */s/ Michael L. Greenwald*<br>Michael L. Greenwald<br>GREENWALD DAVIDSON RADBIL PLLC<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431<br>Telephone: 561.826.5477<br>Fax: 561.961.5684<br>mgreenwald@gdrlawfirm.com | Ronald S. Weiss<br>7035 Orchard Lake Road, Suite 600<br>West Bloomfield, MI 48322<br>Telephone: 248.737.8000<br>Fax: 248.737.8003<br>RWeiss@YourFairDebtCollectionRights.com<br><br>Counsel for Plaintiff |

---

[3] Charging a staggering $2,910 in collection fees over a four-month period to collect on a $200 obligation is, without more, unconscionable, in violation of 15 U.S.C. § 1692f. Tellingly, EquityExperts does not cite any case law allowing the imposition of collection fees that dwarf the balance owed by such an amount. And EquityExperts's charges are particularly unconscionable because it secures payment by placing liens on consumers' homes, and threatening foreclosure. *See* ECF No. 18 at 4-14.

## CERTIFICATE OF SERVICE

I certify that on June 26, 2017, I electronically filed the foregoing document with the clerk of the U.S. District Court for the Eastern District of Michigan, using the electronic case filing system of the court, which will send notification of such filing to all counsel of record.

/s/ Michael L. Greenwald
Michael L. Greenwald
