UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA OWENS

    Plaintiff,

v.

    Case No. 16-10840

    Honorable Victoria A. Roberts

EQUITYEXPERTS.ORG, LLC,

    Defendant.

_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [Doc. 18]**

Melissa Owens ("Owens"), a condominium owner, filed a complaint against EquityExperts.org, LLC ("Equity Experts"), a collection agency. Owens alleges that Equity Experts wrongfully charged her its costs to collect her delinquent condominium association assessment fees, in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et al.

Owens filed a motion for summary judgment ("Motion"). That motion is DENIED.

I.    Background

In June 2004, Owens accepted title to a condominium located within The Parks at Stonegate Pointe ("Stonegate Pointe"), a residential community. Stonegate Pointe was established pursuant to a Declaration of Covenants, Conditions, and Restrictions, which was amended in April 2003 ("Declaration"). The Declaration states that by accepting title, each owner agrees to pay to Stonegate Pointe Association ("Association"), assessment fees when due. The Declaration also states that the assessment, interest, costs of collection, court costs and reasonable attorneys' fees,

1

constitute a lien on the condominium unit, and a personal obligation on the owner. Stonegate Pointe authorizes Equity Experts to charge delinquent owners collection costs.

In February 2009, Equity Experts informed Owens that a lien had been placed on her condominium for nonpayment of assessment fees. In July 2012, Owens's condominium was sold in a foreclosure sale. By March 2013, Owens had paid off all obligations to the Association and the lien was released.

In August 2013, Equity Experts informed Owens that another lien had been placed on her condominium; she owed $915 to the Association. Owens made payments directly to the Association, but in November 2013, Stonegate Pointe mailed Owens a letter explaining that collection fees were outstanding. In March 2015, Equity Experts mailed Owens another letter saying she owed Stonegate Pointe $2,910. The letter stated that although Owens had paid her assessment fee each month, she failed to pay collection fees from 2013, payable to Equity Experts.

Equity Experts sent Owens another letter in August 2015 saying that it was attempting to collect on a debt on behalf of Stonegate Pointe, and that it would proceed with foreclosure proceedings.

Finally, in September 2015, Owens received a letter from the Association stating that she had a $50 credit in her account. However two weeks later, Equity Experts sent a letter saying that her account with the Association remained unpaid.

Owens says she never agreed to pay collection fees to Equity Experts or the Association from 2013. She claims she is entitled to summary judgment because Equity

2

Experts: 1) attempted to collect fees that she did not owe, in violation of 15 U.S.C. § 1692e(2)(A); 2) threatened to take action that it legally could not, in violation of 15 U.S.C. § 1692e(5) and § 1692f(6); and 3) attempted to collect an amount not expressly authorized by agreement, in violation of 15 U.S.C. § 1692f(1).

II. Legal Standard

A. Summary Judgment

Under Federal Rule of Civil Procedure 56(a), "[t]he Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial burden to inform the Court of the basis for her motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies her burden, the non-moving party must set forth specific facts showing a genuine issue for trial. *Id.* at 324. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Unsupported, conclusory statements are insufficient to establish a factual dispute to defeat summary judgment, as is the mere existence of a scintilla of evidence in support of the non-movant's position; the evidence must be such that a reasonable jury could find in its favor. *Alexander v. CareSource*, 576 F.3d 551, 560 (6th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

In deciding a summary judgment motion, the Court "views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v.*

*988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court only needs to consider the cited materials, but it may consider other evidence in the record. Fed. R. Civ. P. 56(c)(3). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 249.

      B. The Fair Debt Collection Practices Act

"Congress enacted the FDCPA to eliminate abusive, deceptive, and unfair debt collection practices." *Wilson v. Trott*, 118 F. Supp. 3d 953, 959 (E.D.M.I. 2015) (internal citations and quotations omitted). "The Act prohibits a wide array of specific conduct, but it also prohibits, in general terms, any harassing, unfair, or deceptive debt collection practice, which enables the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (internal citations and quotations omitted). Courts view conduct through the eyes of the "least sophisticated consumer" to determine whether conduct fits within the FDCPA's broad scope. *Id.* This standard protects the gullible and the shrewd, "while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor." *Id.*

III.    Analysis

  A. Genuine Issue Concerning Debt Owed by Owens

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. "In order to establish a claim under § 1692e: (1) plaintiff must be a

"consumer" as defined by the Act; (2) the "debt" must arises out of transactions which are "primarily for personal, family or household purposes"; (3) defendant must be a "debt collector" as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012). The parties do not dispute the first three elements of these requirements; the fourth is at issue.

A debt collector cannot make a false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Owens argues that Equity Experts attempted to collect a $200 balance that she purportedly owed to the Association, as well as $2,910 in collection fees. She claims that Equity Experts sought these payments, despite the fact that its own records showed she had a $0 balance, and that the Association confirmed that she had a credit in her account. This, she argues, is a violation of Section 1692e(2)(A).

Owens points to Equity Experts' ledger showing a $0 balance. However, an Equity Experts employee testified at deposition that she would need to look at other information, such as documents on file and letters sent during the relevant time period, to determine if Owens truly had a $0 balance in her account.

Owens seems to have more than one account, and the ledgers, letters, and other evidence are inconclusive as to which account shows a balance owing. The March 2015 letter from Equity Experts to Owens states that, although Owens had paid her assessment fee each month, she still owed $2,910 in collection fees from 2013. This may explain why the September 2015 letter from the Association said Owens had a $50

5

credit in her account with the Association, while Equity Experts continued to collect $2,910 from its 2013 efforts.

A genuine issue of fact is presented. The Court denies Owens's motion for summary judgment on her claim that Equity Experts violated 15 U.S.C. § 1692e(2)(A).

### B. Genuine Issue Concerning Legal Actions Equity Experts Could Take

A debt collector cannot threaten "to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5). Similarly, a debt collector cannot take or threaten to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possess the property. 15 U.S.C. § 1692f(6). Owens claims that since Equity Experts sought to collect money Owens did not owe, it did not have the right to send letters "threatening" foreclosure in violation of Section 1692e(5) and 1692f(6).

The Declaration makes clear that assessments and collection costs become a lien on the condominium, as well as a personal obligation of the homeowner. This implies that legal action can be taken against a delinquent owner. Further, since there is a genuine issue of fact as to whether Owens owed collection fees, there is a genuine issue of fact as to whether Equity Experts had the right to inform Owens that it contemplated foreclosure and other legal proceedings against her.

The Court denies Owens's motion for summary judgment on this claim.

### C. Genuine Issue Concerning Fees Authorized by the Debt Agreement

6

A debt collector cannot collect any amount from a debtor unless the "amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). Owens claims that Equity Experts violated the FDCPA by attempting to collect on a debt because: 1) she did not agree to the fees; 2) the Association never incurred fees; and 3) the fees were not tied to the actual cost of collection.

1. Owens Agreed to the Fees

The Declaration states that owners agree to pay assessment fees to the Association, and that the cost of collection will be a lien on the condominium and a personal obligation of the owner. By accepting title to her condominium, Owens became obligated to pay assessments pursuant to the condominium deed and Declaration. *Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F.3d 290, 294 (6th Cir. 2012). On this, there is no genuine issue of fact.

The Court makes this finding notwithstanding that Owens argues for the first time in her reply brief that Equity Experts charged two additional fees not explicitly authorized by its agreement with Stonegate Pointe.

2. Fees Do Not Need to be Incurred by the Association

Owens claims that Equity Experts violated the FDCPA by attempting to collect fees from her, although the Association did not incur collection costs related to her account.

Neither party disputes that Owens is a debtor, that Equity Experts is a debt collector, and that the Association is a creditor, as defined by the FDCPA. Owens cites cases to support her position that a debt collector violates Section 1692f(1) when it

attempts to collect collection costs before they are incurred by the creditor. However, this is a misstatement of the law. These cases are driven by the agreement between the creditor and the debtor, and not by any legal requirement that the collection costs must be incurred by the creditor.

For example, in *Kaymark v. Bank of America*, the Court found that a law firm hired to initiate foreclosure proceedings violated the FDCPA when it attempted to collect fees from the plaintiff. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 175 (3d Cir. 2015). The debt creating agreement stated that Bank of America could only charge for "services *performed* in connection with the default and collect all expenses *incurred* in pursuing authorized remedies." *Id.* (emphasis in original, internal quotations omitted). The Third Circuit held that based on the agreement, the law firm was not authorized to collect fees for legal services not yet performed. *Id.* The Third Circuit's conclusion was consistent with that of the Eighth and Eleventh Circuits, which "held that demanding fees in the collection of debts in a way *contrary to the underlying agreement* is actionable under the FDCPA." *Id.* at 176 (emphasis in original).

No agreement in this case hinders Equity Experts' attempts to collect from Owens. There is no language in the Declaration, or in the agreement between Equity Experts and Stonegate Pointe, that suggests Equity Experts could only collect fees incurred by the Association.

3. Genuine Issue Whether Fees Went Beyond the Actual Cost of Collection

Owens argues that Equity Experts' attempt to collect fees not tied to actual costs of collection violates Section 1692f(1). Specifically, Owens says that Equity Expert charged $395 for a "lien recording and discharge package," when it costs only $17 to record a lien. [Doc. 18, Pg. 20]. Owens cites to *Bradley v. Franklin Collection Services*, where the Eleventh Circuit held that a debt collector violated Section 1692f when it charged the plaintiff a percentage-based collection fee although the plaintiff only agreed to pay the actual costs of collection. *Bradley v. Franklin Collection Serv.*, 739 F.3d 606, 610 (11th Cir. 2014).

The Declaration states that Owens is liable for the costs of collection, including court costs and reasonable attorneys' fees. This language is broad, and creates a question of fact concerning which costs and fees Owens was responsible for. Further, Owens has not established that any part of the $395 Equity Experts charged was not tied to actual collection costs. An Equity Experts employee stated that costs related to their collection business were attributed to Owens' account.

There is a genuine issue of fact as to whether Equity Experts charged Owens fees beyond the actual costs of collection.

The Court denies Owens's motion for summary judgment as to whether Equity Experts violated 15 U.S.C. § 1692f(1).

IV. Conclusion

Genuine issues of material facts exist on all of Owens's claims. Her motion for summary judgment is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  OctoberOctober 19, 2017

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 19, 2017.

s/Linda Vertriest
Deputy Clerk